UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHE RAFFERTY, | Civil Action No. 15-cv-206 Erie |
| v. | |
| | ORDER DENYING MOTIONS TO DISMISS |
| METROPOLITAN LIFE INSURANCE COMPANY, *et al.* | |

## I. INTRODUCTION

The following two motions are before the Court: (1) Defendant Jeanne Rafferty's Motion to Dismiss for Lack of Personal Jurisdiction and/or to Dismiss under the Declaratory Judgment Act (Dkt No. 11) and (2) Defendant Jeanne Rafferty's Motion to Dismiss Metropolitan Life Insurance Company's Cross-Claim for Interpleader (Dkt. No. 16).[1] Having reviewed the parties' submissions, the relevant legal authority, and the record before it, the Court will deny the motions. The Court's reasoning is set forth below.

## II. BACKGROUND

This case concerns the proceeds of a life insurance policy on the life of Thomas F. Rafferty, a former participant in an employee welfare benefit plan (the "Plan") originally sponsored by The May Department Store Company, now known as Macy's Retail Holdings, Inc. ("Macy's"). Dkt. No. 1 at ¶ 13. Metropolitan Life Insurance Company ("MetLife") is the insurer and administrator of the Plan. *Id*. at ¶ 12.

---

[1] Defendant Jeanne Rafferty has also moved to strike Plaintiff Kathe Rafferty's sur-reply to Defendant Rafferty's reply in support of her motion to dismiss. *See* Dkt. No. 25. Because Kathe Rafferty failed to comply with this Court's instruction to seek relief from the Court before filing a sur-reply, the Court will grant Jeanne Rafferty's motion to strike the pleading.

1

There are two parties seeking Mr. Rafferty's life insurance proceeds: Plaintiff Kathe Rafferty and Defendant Jeanne Rafferty. Kathe Rafferty seeks the proceeds by reason of a beneficiary designation form dated February 3, 2014 naming her as the sole beneficiary to receive 100% of the benefits under the Plan. *Id*. at ¶ 13. She was the spouse of Thomas Rafferty at the time of the beneficiary designation and at the time of his death in 2015.[2]

Jeanne Rafferty is Mr. Rafferty's ex-wife.[3] She seeks the life insurance proceeds because Mr. Rafferty designated her as the sole beneficiary for 100% of the Plan benefits on July 2, 1982. She claims that Mr. Rafferty was required by the terms of their divorce decree as well as a court order from St. Louis County Circuit Court to maintain the life insurance coverage for her benefit. *See* Dkt. No. 11, Ex. 4 at ¶ 20.

After Mr. Rafferty's death in 2015, both Kathe Rafferty and Jeanne Rafferty notified MetLife of their respective claims to the life insurance proceeds. MetLife reviewed the claims and determined that it could not ascertain who is entitled to the proceeds without exposing itself and the Plan to potential liability. Dkt. No. 21 at 2. MetLife notified Kathe and Jeanne of its determination and advised that they reach an amicable resolution of the matter or it would be forced to file an interpleader action. Thereafter, Kathe filed the instant lawsuit on August 14, 2015. Dkt. No. 1. Nineteen days later, on September 3, 2015, Jeanne filed an action in St. Louis County Circuit Court in Missouri. Dkt. No. 11, Ex. 4.

The instant lawsuit—Kathe Rafferty's lawsuit—is an action under ERISA Section 502(a)(1)(B) to recover benefits under the Plan. The suit names Jeanne Rafferty and MetLife as defendants and seeks a declaratory judgment stating that Kathe Rafferty is entitled to the full

---

[2] Kathe was married to Mr. Rafferty for nearly forty years. Dkt. No. 18 at 1.
[3] Jeanne was married to Mr. Rafferty for nearly thirty years. Dkt. No. 11 at 2.

amount of benefits payable under the Plan. Dkt. No. 1 at ¶ 31. The Missouri suit—Jeanne Rafferty's lawsuit—also seeks declaratory relief concerning the proper beneficiary under the Plan, but it also asserts state tort claims against Kathe Rafferty and Macy's, Inc., alleging fraud, undue influence, tortious interference, and negligent misrepresentation. *See*, *e.g.*, Dkt. No. 11, Ex. 4. MetLife answered both complaints and filed counter and/or cross claims for interpleader in both actions. Lastly, MetLife removed the Missouri action to the United States District Court for the Eastern District of Missouri.

## III. DISCUSSION

As discussed above, Jeanne Rafferty moves to dismiss Kathe Rafferty's claims against her, arguing that as a long-term resident of Missouri with only limited contact with Pennsylvania, this Court does not have personal jurisdiction over her. Jeanne also moves to dismiss MetLife's cross-claim for interpleader on the same grounds. Alternatively, she argues that this Court should decline to exercise its jurisdiction under the Declaratory Judgment Act.

### A. Standards of Review

#### 1. Federal Rule of Civil Procedure 12(b)(2)

A motion under Federal Rule of Civil Procedure 12(b)(2) "is inherently a matter which requires resolution of factual issues outside the pleadings, *i.e.*, whether in personam jurisdiction actually lies." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n. 9 (3d Cir. 1984). When a defendant files a motion to dismiss pursuant to Rule 12(b)(2), the burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, and "[w]hile the Court can accept plaintiff's allegation of jurisdiction as true for the purposes of a motion to dismiss, 'once a defendant has raised a jurisdictional defense, the plaintiff bears the burden of proving, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction.'"

3

*Gutierrez v. N. Am. Cerruti Corp.*, No. 13–3012, 2014 WL 6969579, at *2 (E.D. Pa. Dec. 9, 2014) (quoting *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 147 (3d Cir. 1992)) (citation and internal quotation marks omitted).

2. **Personal Jurisdiction under ERISA**

ERISA provides for nationwide service of process under the statute. *See* 29 U.S.C. § 1132(e)(2). The majority of Circuits have held that where a statute provides for nationwide service of process, the exercise of personal jurisdiction is based on contacts with the United States as a whole, not a particular state; thus, giving jurisdiction to any federal court if the contacts with the United States are sufficient. *See*, *e.g.*, *Medical Mut. of Ohio v. deSoto*, 245 F.3d 561, 566-567 (6th Cir. 2001) (because the statute provided for nationwide service of process, the relevant forum for purposes of the personal jurisdiction minimum contacts analysis is the United States); *Board of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000) (same); *Federal Fountain, Inc. v. KR Entertainment, Inc.*, 165 F.3d 600, 601–602 (8th Cir. 1999) (same); *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946–47 (11th Cir. 1997) (same); *Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 825–826 (5th Cir. 1995) (same); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056–1057 (2d Cir. 1993) (same). While the Third Circuit has not squarely adopted this test, a number of district courts in this Circuit have held that the relevant forum for purposes of minimum contacts analysis under ERISA is the United States. *See*, *e.g.*, *Holland v. King Knob Coal Co., Inc.*, 87 F. Supp. 2d 433, 438 (W.D. Pa. 2000) (employers were subject to personal jurisdiction in Pennsylvania under ERISA nationwide service of process statute, even if they did not have sufficient contacts with Pennsylvania to comport with due process, as long as they had sufficient contacts with the United States to justify exercise of personal jurisdiction); *DeFelice v.*

4

*Daspin*, 2002 WL 1373759, *5 (E.D. Pen. June 25, 2002) (noting that the relevant forum under the national contacts test in ERISA is the United States); *Trustees of National Elevator Industry Pension Health Benefit and Educational Funds v. Continental Elevator*, 1999 WL 305370, *2 (E.D. Pa. 1999) (same).

### 3. The Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). "[T]he Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. Therefore, a federal court has discretion to decide whether to hear declaratory judgment cases. *United States v. Com. of Pa, Dep't. of Envtl. Res.*, 923 F.2d 1071, 1074 (3d. Cir.1991); *see also*, *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1224 (3d Cir.1989).

To that end, the Third Circuit has enumerated the following four general factors that a district court should consider when determining whether to exercise its discretion under the Declaratory Judgment Act:

(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation; and

(4) the availability and relative convenience of other remedies.

*Com. of Pa., Dep't of Envtl. Res.*, 923 F.2d at 1075 (citing *Terra Nova*, 887 F.2d at 1224). Lastly, the Third Circuit cautions that courts "seek to prevent the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for res judicata." *Terra Nova*, 887 F.2d at 1225.

### B. This Court Has Personal Jurisdiction over Defendant Jeanne Rafferty

Jeanne Rafferty was born and raised in Pennsylvania. She married Mr. Rafferty on August 28, 1948 and continued to reside in Pennsylvania until 1976 when she and her husband moved to Missouri. Dkt. No. 11, Ex. 4 at ¶¶ 5, 8. She and Mr. Rafferty divorced in 1977 and Jeanne continued to live in Missouri. *Id*. at ¶ 16. However, in December 1982, she returned to Pennsylvania to care for her ill daughter. Dkt. No. 11 at 5. Jeanne lived in Pennsylvania until August 1997 when she moved once again to Missouri. *Id*. She has lived in Missouri ever since. *Id*.

Jeanne argues that this Court does not have personal jurisdiction over her because she has had little to no contact with Pennsylvania since 1997 when she returned to Missouri. According to her, the only contact she has had with the State is an occasional telephone conversation with her daughter (who resides in the Pennsylvania) and when she attended her son's funeral in the State. Neither of which, Jeanne argues, is sufficient to allow this Court to exercise personal jurisdiction over her.

The Court agrees that such minimal contacts would not be sufficient to subject Jeanne to personal jurisdiction under Pennsylvania's long-arm statute. *See*, *e.g.*, *Tann v. U.S. Steel Corp*, 2015 WL 3609913, *4 (June 8, 2015) (Pennsylvania authorizes its courts to exercise general jurisdiction over individuals by showing presence or domicile in the Commonwealth at the time of service or consent). However, this lawsuit was instituted under ERISA and, as discussed

6

above, ERISA provides for nationwide service of process. *See* 29 U.S.C. § 1132(e)(2). Accordingly, this Court's exercise of personal jurisdiction is based on whether Jeanne has sufficient contacts with the United States, not Pennsylvania. *See*, *e.g.*, *Continental Elevator*, 1999 WL 305370 at *2 ("Under a national contacts standard, the Court must judge the defendant's contacts with the United States as a whole as the pertinent forum rather than with any particular state."); *DeFelice v. Daspin*, 2002 WL 137375928, *5 (E.D. Pen. June 25, 2002) (same); *Holland v. King Knob Coal Co., Inc.*, 87 F. Supp. 2d 433, 438 (W.D. Pa. 2000) (same). It is beyond dispute that Jeanne has sufficient contacts with the United States as she has resided in this country her entire life. Nor would it be unfair or unjust to require Jeanne to litigate the ERISA claim in this district. She is represented by counsel and this is a declaratory action that should be able to be resolved without a trial.[4]

Likewise, the Court is not persuaded by Jeanne's argument that the "real issues" in this dispute—allegations of fraud, forgery, and undue influence—"are not subject to the ERISA framework," but rather, require personal jurisdiction over her. These allegations have been asserted in the Missouri lawsuit, not this action. As such, they have no bearing on this Court's jurisdiction analysis.[5]

### C. The Declaratory Judgment Act

Alternatively, Jeanne requests that this Court decline to exercise its jurisdiction under the Declaratory Judgment Act. This Court finds that the factors it must consider in determining whether to exercise its jurisdiction under the Declaratory Judgment Act, *supra* at page 5-6, weigh

---

[4] Jeanne's Motion to Dismiss MetLife's Cross-Claim for Interpleader for Lack of Personal Jurisdiction must also be denied. The interpleader was brought under ERISA and the interpleader statutes, both of which provide for nationwide service of process. *See* 28 U.S.C. § 2361.

[5] Moreover, the Court notes, without deciding, that such claims may be better suited to this lawsuit. The alleged fraud occurred in Pennsylvania, Kathe and Thomas Rafferty, the alleged perpetrator and victim, respectively, resided in Pennsylvania, and Mr. Rafferty's doctor, who is likely to be called as a witness, is also a resident of the Pennsylvania.

in favor of exercising its jurisdiction under the Act. First, importantly, there is no pending related state court action. As noted earlier, MetLife removed the Missouri State action to federal district court. As the Fifth Circuit recently noted:

> The presence or absence of a pending parallel state proceeding is an important factor. The absence of any pending related state litigation strengthens the argument against dismissal of the federal declaratory judgment action. [A]lthough the lack of a pending parallel state proceeding did not require the district judge to hear the declaratory judgment action, it is a factor that weighs strongly against dismissal.

*Sherman-Williams Co. v. Holmes County*, 343 F.3d 383, 394 (5th Cir. 2003); *see also*, *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014) (noting that the existence or non-existence of pending parallel state proceedings is a factor for the district court to consider).

In addition, Jeanne has failed to articulate a reason why this Court should decline to exercise its jurisdiction under the Declaratory Judgment Act in favor of another district court. Pennsylvania is at least equally convenient for resolving the dispute. Indeed, it may be more so given that Kathe and Mr. Rafferty reside or resided here. Likewise, as mentioned earlier, this is a declaratory judgment action that should be able to be resolved on the pleadings without a trial. If Jeanne chooses to bring the tort claims that she has alleged in the Missouri action, such claims can be adjudicated efficiently in this Court as the alleged fraud occurred in Pennsylvania, Kathe currently resides in the State, and Mr. Rafferty's doctor practices in Pennsylvania. Lastly, the instant lawsuit was filed before the Missouri litigation. Therefore, under the first-to-file rule, the matter should proceed in this Court. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941) ("In all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it.") (quoting *Smith v. McIver*, 22 U.S. 532 (1824)).

## IV. CONCLUSION

For the foregoing reasons, the Court hereby:

1. DENIES Defendant Jeanne Rafferty's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. Nos. 10);

2. DENIES Defendant Jeanne Rafferty's Motion to Dismiss MetLife's Cross-Claim (Dkt. No. 16); and

3. GRANTS Defendant Jeanne Rafferty's Motion to Strike Plaintiff Rafferty's sur-reply (Dkt. No. 25).

Dated this 13th day of January, 2016.

*[signature]*

Barbara Jacobs Rothstein
U.S. District Court Judge