UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KATHE RAFFERTY, | ) ) ) | Civil Action No. 15-cv-206 Erie |
| Plaintiff, | ) ) |  |
| v. | ) ) | ORDER GRANTING MOTION |
| METROPOLITAN LIFE INSURANCE COMPANY, et al. | ) ) ) ) | FOR LEAVE TO DEPOSIT LIFE INSURANCE PROCEEDS INTO THE COURT REGISTRY AND |
| Defendants. | ) ) | TO DISMISS METROPOLITAN LIFE INSURANCE COMPANY |

## I.     INTRODUCTION

Before the Court is Metropolitan Life Insurance Company's ("MetLife") motion for leave to deposit life insurance benefits into the court registry and to be dismissed with prejudice from this lawsuit. Dkt. No. 37. Defendant Jeanne Rafferty opposes the motion (dkt. no. 38); Plaintiff Kathe Rafferty did not respond to the motion. Having reviewed the parties' submissions, the relevant legal authority, and the record before it, the Court will grant MetLife's motion for the reasons is set forth below.

## II.     BACKGROUND

This case concerns the proceeds of a life insurance policy on the life of Thomas F. Rafferty, a former participant in an employee welfare benefit plan (the "Plan") originally sponsored by The May Department Store Company, now known as Macy's Retail Holdings, Inc. ("Macy's"). Dkt. No. 1 at ¶ 13. MetLife is the insurer and administrator of the Plan. *Id*. at ¶ 12. Plaintiff Kathe Rafferty and Defendant Jeanne Rafferty each claim that she is entitled to the insurance proceeds. Kathe Rafferty seeks the proceeds by reason of a beneficiary designation

form dated February 3, 2014 naming her as the sole beneficiary to receive 100% of the benefits under the Plan. *Id*. at ¶ 13. She was Mr. Rafferty's spouse at the time of the beneficiary designation and at the time of his death in 2015.[1] Jeanne Rafferty is Mr. Rafferty's ex-wife.[2] She seeks the life insurance proceeds because Mr. Rafferty designated her as the sole beneficiary for 100% of the Plan benefits on July 2, 1982. She claims that Mr. Rafferty was required by the terms of their divorce decree as well as a court order from St. Louis County Circuit Court to maintain the life insurance coverage for her benefit. *See* Dkt. No. 11, Ex. 4 at ¶ 20.

After Mr. Rafferty's death in 2015, both Kathe and Jeanne notified MetLife of their respective claims to the life insurance proceeds. MetLife reviewed the claims and determined that it could not ascertain who is entitled to the proceeds without exposing itself and the Plan to potential liability. Dkt. No. 21 at 2. MetLife notified Kathe and Jeanne of its determination and advised that they reach an amicable resolution of the matter or it would be forced to file an interpleader action. Thereafter, Kathe filed the instant lawsuit on August 14, 2015 in which she sought a declaratory judgment that she is entitled to the insurance proceeds. Dkt. No. 1. MetLife, in turn, filed a counterclaim and cross-claim for interpleader against Kathe and Jeanne, alleging that it is simply a stakeholder in this action and disclaiming any interest in the outcome of the lawsuit. Dkt. No. 37 at 4; Dkt. No. 6.

Jeanne filed a second lawsuit in St. Louis County Circuit Court in Missouri on September 3, 2015. That lawsuit was removed to the United States District Court for the Eastern District of Missouri. Thereafter, the federal judge stayed the federal claims in that action pending resolution of this lawsuit. See Dkt. No. 37, Ex. 1.

---

[1] Kathe was married to Mr. Rafferty for nearly forty years. Dkt. No. 18 at 1.
[2] Jeanne was married to Mr. Rafferty for nearly thirty years. Dkt. No. 11 at 2.

MetLife now moves pursuant to Federal Rule of Civil Procedure 67 for permission to deposit the life insurance proceeds in the court registry and to be dismissed with prejudice from this action once the funds have been deposited. *Id*. at 4-5. Defendant Jeanne Rafferty opposes the motion. More accurately, Ms. Rafferty does not oppose MetLife's request to deposit the insurance proceeds in the court registry, she does, however, oppose MetLife's request to be dismissed from this lawsuit. She argues that MetLife's claim that it is "merely a 'stakeholder' has not yet been established by the facts and evidence" in this case. Dkt. No. 38 at 1. She claims that "as part of another lawsuit [*i.e.* the lawsuit in the Eastern District for Missouri]…[she] has alleged the Macy's Retail Holdings, Inc. [] misrepresented to her that she remained the primary beneficiary of the insurance policies at issue." *Id*. at 2. She further claims that MetLife, as the plan administrator, may have been complicit in the misrepresentation. Therefore, she argues, this Court should not dismiss MetLife from this action until after she has had an opportunity to "prob[e] into that…issue[]." *Id*.

### III. DISCUSSION

In *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007), the Third Circuit Court of Appeals aptly summarized the equitable remedy of interpleader as follows:

> The plaintiff in an interpleader action is a stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability. Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings. The competing claimants are left to litigate between themselves. The result is a win-win situation. The stakeholder avoids multiple liability. The claimants settle their dispute in a single proceeding, without having to sue the stakeholder first and then face "the difficulties of finding assets and levying execution."

(internal citations omitted). In the instant case, two different putative beneficiaries seek the same life insurance benefits. MetLife concedes it is liable to either Kathe or Jeanne Rafferty; it is

simply unable to determine which individual is the proper beneficiary of the insurance plan. This case is exactly the type of situation the equitable remedy of interpleader was meant to address.

This Court is not persuaded by Jeanne Rafferty's argument that this Court should refrain from dismissing MetLife until she has had an opportunity to ascertain through discovery whether MetLife is "merely a stakeholder." Ms. Rafferty has not filed a counterclaim against MetLife in this lawsuit; rather, she basis her need for discovery on claims she filed against another party (Macy's) in another lawsuit (the case in the Eastern District of Missouri). Therefore, the discovery she proposes is not relevant to any claim against MetLife in this lawsuit and, accordingly, is beyond the scope of permissible discovery as set forth in Rule 26(a) of the Federal Rules of Civil Procedure. Accordingly, the Court will grant MetLife's motion.

## IV.     CONCLUSION

For the foregoing reasons, this Court HEREBY GRANTS MetLife's motion for leave to deposit the insurance proceeds (and any accumulated interest) into the court registry. MetLife shall be dismissed from this case once the insurance proceeds have been deposited.[3]

Dated this 4th day of May, 2016.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[3] MetLife requests that this Court dismiss it with prejudice. Given that Jeanne has indicated that there might be a basis for pursuing a counterclaim against the company, the Court will not dismiss MetLife with prejudice. In declining to dismiss with prejudice, the Court is in no way indicating that it believes such a counterclaim is warranted and/or viable.